TODD, District Judge,
Dissenting:
I respectfully dissent. The majority holds that trial counsel’s performance was deficient because his failure to obtain a test of DNA evidence prejudiced petitioner’s case since there is a reasonable probability that conducting a DNA test would have produced a different result at trial. That conclusion is not supported by the evidence for several reasons.
First, the absence of petitioner’s DNA in the vaginal swabs taken from the alleged victim would have had no effect on the verdict. Petitioner denied that he ever penetrated the alleged victim’s vagina during the incident. The alleged victim testified that she did not remember whether petitioner ejaculated during the incident. Therefore, the absence of petitioner’s DNA in the testing sample would have added nothing to the evidence upon which the jury had to make its credibility determination.
Second, a test which showed the presence of petitioner’s DNA in the vaginal sample would have had a significant detrimental impact upon petitioner’s position at trial. Petitioner relied upon a consent defense, contending that the alleged victim was a prostitute and that he abandoned his sexual activity when he discovered that the alleged victim had a venereal disease. Defendant denied that he penetrated the victim and denied that he ejaculated during the incident. If petitioner’s DNA had been found in the tested vaginal fluids, his defense lawyer would have been unable to *127 present or argue the facts upon which petitioner relied as his only defense. While defense counsel would not have been required to disclose a positive DNA test to the prosecutor, see Fed.R.Crim.P. 16(b)(1)(B), defense counsel would have been ethically precluded from presenting facts at trial that he knew to be untrue. See People v. Riel, 22 Cal.4th 1153, 96 Cal.Rptr.2d 1, 998 P.2d 969, 1013-14 (2000) (counsel “may not present evidence they know to be false or assist in perpetrating known frauds on the court”).
Third, it would be speculation to conclude that there is a reasonable probability that a DNA test would have produced a different result. The jury was presented with two completely different versions of the facts of this incident — forcible rape versus consensual sexual contact abandoned before penetration. A DNA test which was negative for defendant’s DNA would have added nothing to those diametrically opposed versions and would not have affected the result. A DNA test which was positive for defendant’s DNA would have contradicted his testimony that he did not penetrate and ejaculate into the victim.
The district court’s determination that trial counsel’s failure to obtain DNA testing resulted in no prejudice to petitioner was not contrary to, or an unreasonable application of, clearly established federal law, see Byrd v. Lewis, 566 F.3d 855, 859 (9th Cir.2009). Therefore, I would affirm.